Labauve, J.
This appeal is taken from an interlocutory judgment, dismissing a rule taken by Silas Talbot, to set aside the order authorizing the plaintiff to bond the cotton, and in his motion praying for this rule, he prays to be allowed to bond it himself.
The plaintiff, alleging himself to be the owner of twenty-three bales of cotton, which, as he states, are in the possession of the defendant, and then in the Woods’ press, on Canal street, prayed and obtained a sequestration.
The cotton was accordingly sequestered, and taken possession of by the sheriff, on the 6th April, 1866. On the 14th of same month and year, the citation and petition were duly served upon the defendant. On the 19th of same month and year, on motion of plaintiff’s counsel, suggesting that more than ten days had expired since the seizure of the cotton, it was ordered by the Court that the cotton be returned to the plaintiff on his executing a bond in the sum of four thousand dollars, which was done accordingly. On the 20th of same month and year, a motion of the following tenor was filed:
“On motion of Stuart & Walker, attorneys for Silas Talbot, and showing the Court that said Talbot is the true owner of the cotton sequesterd in this case, and on showing the Court that said Duperier and the said Goodwin, or the said Goodwin’s wife, are so far as any claim they have, if any, to the cotton in question, are one and the same parties, and that said Goodwin is entirely worthless, pecuniarily, and that he is the only security on the bond of sequestration; and on showing the Court that said Talbot has instituted a suit as owner thereof, in the Fifth District Court of New Orleans, and sequestered thé said cotton, it is ordered that the said Duperier show cause on the 27th day of April, 1866, at eleven o’clock, a. m., why the sequestration herein issued should not be set aside for insufficiency of bond, and other defects patent on the face of the proceedings, and that all parties interested be duly notified in the premises.”
On the said day fixed to try said rule, the Court, after hearing the parties, dismissed the same.
On the 9th May, 1866, Silas Talbot, by his counsel, moved the Court that plaintiff be ordered to show cause why the order of the Court authorizing the plaintiff to bond said cotton, should not be set aside for the following reasons:
1. That the same was granted prematurely, and ex parte.
2. That no bond has been given to said sheriff in conformity to law, *30 and why this defendant should not be authorized to bond this cotton in this suit sequestered, on giving security as required by law, and that the plaintiff be notified of this rule.
On the 26) h June, 1866, the Court discharged this rule, and the said Silas Talbot appealed from that interlocutory decision.
We are of opinion that our learned brother below did not err. This case must be governed by Article 279, C. P., and its amendment of 5th March, 1812. By the provisions of the original article, it is clear that the defendant alone had the right to bond; such right was conferred to plaintiff by the amendment, if the defendant neglected to bond within ten days after the seizure of the property by the sheriff. The law, as it stands now, contemplates but two parties who are entitled to bond; it is first, the defendant; and secondly, the plaintiff, after ten days; this law cannot be extended to the intervenor at any time; in case both defendant and plaintiff neglect to give bond, the property must remain in the possession of the sheriff.
Judgment appealed from affirmed, with costs.